SMITH VS WILSON.

Opinion delivered October 19, 1904.

(89 S. W. Rep. 1009).

1. *Unlawful Detainer—Affidavit Necessary—Before Writ of Possession Issue.*

Under Sec. 3351 it is essential to the issuance of a writ of possession in an unlawful detainer action that the affidavit required in such action be filed, and the required security given. In the absence of same the writ is nugatory and void.

2. *Unlawful Detainer—Retaining Bond—Without Consideration and Non-enforceable, When.*

Where defendant gave a retaining bond in an unlawful detainer suit and in which plaintiff in obtaining a writ of posession had not complied with all the statutory requirements; said retaining bond is without consideration and non-enforceable.

3. *Unlawful Detainer—Judgment—Damages.*

Under Sec. 3352 Mansf. Dig. plaintiff can only recover damages for the detention when defendant has given bond and retained possession of the subject matter of the controversy. *Held;* Where plaintiff in obtaining a writ of possession has failed to comply with all the requirements of said statute the court has no authority to render a judgment for damages against the defendant for retaining possession.

4. *Unlawful Detainer—Landlord and Tenant.*

Plaintiff purchased from defendant's landlord. *Held;* Defendant having admitted the existence of such relation, the expiration of the term of tenancy and written demand for possession, cannot dispute the validity of transfer to plaintiff.

5. *Unlawful Detainer—Possession of Tenant that of Landlord.*

Appelles, or their grantors acting upon what purported to be opinions of the United States attorney for the Southern District in construing portions of the Curtis Bill with reference to holdings of property, tore down their fences on part of the controverted premises while their tenant, appellant, was in possession and it being afterward ascertained that said opinions were erroneous and misconceptions of said Curtis Bill, appelles attempted to resume possession and control of such premises; *Held;* No abandonment, the possession of the tenant, appellant, was the possession of appellee, his landlord.

6. *Unlawful Detainer—Notice to Quit—Evidence Considered.*

Appellee swore that he served the notice to quit upon the appellant by delivering the same to appellant in person, who admitted that he received some paper, the contents of which he did not read. *Held;* The jury was warranted in finding that such notice was properly served from this state of the evidence.

Appeal from the United States Court for the Southern District.

HOSEA TOWNSEND, Judge.

Action by M. J. Smith against R. M. Wilson. Judgment for plaintiff. Defendant appeals. Modified and remanded.

Action for unlawful detainer and for rents, begun by plaintiff. Appellee here, on March 31, 1902, claiming that one Mollie Ragland contracted verbally with R. M. Wilson, defendant, appellant here, to put certain premises in cultivation, and that said Wilson would move upon and take possession of said lands as tenant of said Ragland, and that such tenancy and occupation of lands by defendant should continue from year to year until said Wilson should be compensated for his work and labor, and that, thereafter, and on the 31st day of December, 1898, plaintiff purchased all the right, title and interest of said Mollie Ragland in and to said lands and improvements so held and occupied by the said R. M. Wilson, and at the time of the institution of this suit, she was the lawful owner of the same; that

the term under which said lands were let to said R. M. Wilson have long since expired, and that said Wilson unlawfully holds over and detains said premises, after demand made in writing therefor, made after the expiration of his term, and alleges damage for the unlawful detention of said lands in the sum of $400.00, and prays judgment for the possession of said lands, and judgment for damages.

It appears from statements in the record, that this complaint was first subscribed and sworn to on the 16th day of April, 1903, theretofore and on April 4, 1901, summons was duly issued in said cause, and the same was personally served upon the defendant, Wilson, on the 5th day of April, 1901. Under this writ of possession and summons no bond was made by the plaintiff.

On February 25, 1902, a second writ of possession was issued in said cause and served on the 22nd day of March, 1902, and same was served on the defendant, Wilson, and a bond having been executed by plaintiff, defendant was given ten days thereafter in which to make and execute a bond of similar amount, which defendant did, retaining possession of the premises.

On April 16th, 1903, defendant filed his second amended answer in the case. Denies that he made a verbal contract with Mollie Ragland whereby he entered and took possession of all the land described in plaintiffs complaint. Denies that he ever made a contract with Mollie Ragland whereby he became her tenant. Denies that it was agreed and understood by and between Mollie Ragland and defendant that the occupation of the lands by defendant should be continued from year to year until said defendant should be paid for his work and labor and money spent in improvements. Denies that there ever was any agreement as to the rental value; and also denies that he was to

be compensated in rents. Denies that plaintiff, purchased the right, title and interest of said Mollie Ragland. Denies that Mollie Ragland was on the 31st day of December, 1898, a Chickasaw Indian. Denies that he has been fully paid long prior to the institution of suit or at any time for improvements. Denies that at the institution of this suit the plaintiff was the lawful owner of said lands; and denies that the plaintiff was entitled to possession of said lands. Denies that by the terms of the contract made with Mollie Ragland the same had expired before institution of suit or at any other time. Denies that notice in writing to quit possession of said lands was served upon him after termination of his term. Denies that plaintiff has been damaged in any sum.

Further answering defendant says that he entered upon said lands under a written contract to make certain improvements. That for this improvement he was to receive twenty dollars per acre for all lands placed in cultivation. Says that he put in cultivation about fifty acres of land, and that said Ragland and those claiming under her are due him one thousand dollars under the terms of the contract. That as to the pasture lands named in plaintiffs complaint, he at no time became a tenant of Mollie Ragland, but the same was common domain of the Chickasaw nation, and that he took possession of the same and enclosed the same with a fence. Further answering, defendant states that the plaintiff has no right in law to recover possession of the premises herein because Mollie Ragland was not an Indian or a member of any tribe of Indians, and was so held by the Dawes commission. Defendant says that plaintiff should not recover the land in controversy, the lease and conveyance alleged upon which plaintiff relies was for a longer period than one year, hence, she would have no legal right to the possession of the premises. Defendant states that said contract of lease would terminate in one year of the date of his entry if the tenancy began

in 1893, and says that the defendant was in peaceful and undisturbed possession of said lands for more than three years next before the filing of the complaint herein, and that plaintiff's right of action is hereby barred. Further alleges that M. J. Smith, prior to the filing of this suit, abandoned all her claims to the land in controversy, and further alleges that Perry Lanham, who purchased the claim of M. J. Smith, original plaintiff herein, did so *pendente lite*, and is an excessive holder of lands in the Chickasaw nation, and that he holds lands greatly in excess of the share of lands that he is by law entitled to for himself, his wife and minor children, out of the tribal lands of the Chickasaw nation, and that any transfers to him are contrary to law and public policy and are therefore void. That he have judgment for the possession of said lands, and a judgment for $1000.00. Defendant filed a demurrer to plaintiff's second amended complaint, as follows:

"Comes now the defendant in the above cause and demurs to the plaintiff's second amended complaint filed herein for the following reasons, to-wit:

1. Because the said complaint as amended shows upon it's face to be within the statute of frauds, in this that the contract relied upon was made verbally in Jan., 1893, as shown in said amended complaint.

2. Because said amended complaint shows that the plaintiff purchased all the right, title and interest Mollie Ragland had in the land in controversy on or about December 31, 1893, and that said complaint fails to allege that the said sale was by deed or writing and hence for the purpose of this demurrer within the statute of frauds.

3. Because said complaint fails to show that the contract under which he claims terminated by operation of law.

4. Nor does said complaint show whether the contract under which he claims has terminated by its own terms."

Which demurrer was heard by the court and overruled, defendant excepting. Defendant thereupon filed motion to quash the writ and summons, which is as follows:

"Comes now the defendant and moves the court to quash the alias writ of possession and summons in this cause filed:

1st. For the reason that the original summons and writ issued in said cause were in all respects in conformity with the law and that there were no irregularities either in the issuing or in the service.

2nd. That there is no rule of law which authorizes the plaintiff to issue an alias summons and writ of possession.

3rd. Because that in this cause the plaintiff would not be entitled to an alias and the filing of bond after a summons had already been issued by him in the ordinary form of practice."

This motion was by the court heard and overruled, defendant excepting.

Defendant thereupon filed motion to dismiss the action, which is as follows:

"Comes now the defendant and moves the court to dismiss this action.

1st. Because the original complaint filed herein was not sworn to as required by law.

2nrd.   The amendment to the original is required to be sworn to and at a former term of this court this question was ruled upon by the court and an order orally announced by the court directing and requiring the plaintiff to properly verify the same and upon the failure of the plaintiff to do so the said complaint should be dismissed.

3rd.   Because this order has never been complied with."

Which motion was by the court overruled, defendant excepting.

Defendant thereupon filed motion for continuance of the case, which the court after hearing overruled, defendant excepting.

On April 17, 1903, the case was tried to a jury, who returned a verdict for plaintiff's for the recovery of the land and assessed their damages at $128.75, upon which verdict judgment was duly pronounced.

Defendant thereupon filed motion for a new trial, which motion was duly considered by the court and overruled, defendant excepting, and thereupon prayed and was allowed an appeal and the case now stands in this court upon such appeal.

*J. H. Grigsby,* for appellant.

GILL, J.   In this case the appellees have filed no brief. The brief of appellant is elaborate and full, but, in our view of the case it is unnecessary to consider all of the assignments of error made by the appellant, insomuch as we have found error in the record which will make it necessary to remand the case.

It will be noticed from the record that this action was begun in April, 1901, by filing a complaint in the office of the clerk and the issuing of possession and a summons thereon; that plaintiff made no bond under this writ of possession, and defendant was allowed to continue in possession of the premises sued for. The complaint was never sworn to, nor was any affidavit made in the case as required by the statute, Mansfields Digest, Sec. 3351, until April 16, 1903, when the court permitted the complaint to be verified as an amended complaint. We find however from the record, that prior to the verification of this complaint, namely on February 25, 1902, that an alias writ of possession was issued in said cause and served on March 22, 1902. That on the issuing of this writ the plaintiff in the action gave the bond contemplated by Mansfield's Dig., sec. 3352 and the defendant thereupon within ten days thereafter, gave a counter bond and retained possession of the premises.

It will be noticed from the foregoing statement and the record that this cause was tried to a jury and verdict rendered in favor of the plaintiff with damages for $128.75 and that judgment by the court was pronounced upon such verdict.

Under Mansf. Dig. § 3352, it will be noticed that where the defendant gives a bond to retain possession of the lands and premises mentioned in the writ and declarations in the cause, as provided by law, it shall be lawful for the plaintiff to introduce before the jury trying the main issue in the action, evidence showing the damage he may have sustained in being kept out of the possession of such lands and premises, and the jury, if they find the issue for the plaintiff shall at the same time assess what damages, if any, the plaintiff has sustained in being kept out of possession by the defendant, and the court shall render judgment restoring the property to the plaintiff, as now prescribed by law, and shall also render judgment against the defendant and

his security on the bond for damages as found by the jury, as well as for costs of suit.   Mansf. Dig. § 3351, reads as follows:

"When any person to whom any cause of action shall accrue under this act shall file in the office of the clerk of the Circuit Court of the county in which the offense shall be committed a complaint or statement in writing, signed by him, his agent or attorney specifying the lands, tenements or other possessions so forcibly entered and detained, or so unlawfully detained over, and by whom and when done, and shall also file the affidavit of himself or some other credible person for him, stating that the plaintiff is lawfully entitled to the possession of the lands, tenements or other possessions mentioned in the complaint, and that the defendant forcibly entered upon and detains the same, or unlawfully detains the same after lawful demand therefore made, such clerk shall issue a writ or possession directed to the sheriff, commanding him to cause (if the plaintiff give security according to law) the possession of the lands, tenements or other possessions in the complaint mentioned to be delivered to the plaintiff without delay, and to summon the defendant to appear in court on the return day of the writ and answer the plaintiff in the premises."

In this action the plaintiff, appellee, wholly failed to comply with the demands of this section.   He failed to file the affidavit required before the writ of possession could issue at all, and such writ of possession being issued by the clerk of court without the necessary affidavit, is absolutely nugatory and void.

Under Sec. 3352 of Mansf. Dig., plaintiff cannot recover damages except where the defendant has given a retaining bond. If the writ of possession issued on the behalf of plaintiff was nugatory and void and defendant by reason of such writ of possession, was induced to and thereby gave bond to retain posses-

sion, such bond was without consideration and cannot be held to be voluntary, and plaintiff cannot recover damages, nor has the court power to enter up judgment upon the verdict of a jury finding such damage against the defendant and his bondsmen upon a bond so obtained from them.

Before a defendant can be required to give bond at all to retain property in forcible entry and unlawful detainer, plaintiff in the action must have first fully complied with the statute in reference to taking possession of such property. In other words the right of a plaintiff to dispossess an unlawful detainer, depends upon whether or not he has complied with the conditions prescribed in Mansf. Dig., § 3351 and 3352. Nor has the clerk of the court power to issue a writ of possession in such a case until plaintiff has filed the affidavit prescribed in Mansf. Dig., § 3351. And the judgment of the court upon the verdict allowing damages in this case was erroneous.

In this case all that was necessary for plaintiff was to show the relation of landlord and tenent between himself and the defendant, and that the term of tenancy had expired and that he had made written demand for the premises. The tenant could not be heard to dispute his landlords title. By his answer defendant admits that he went into possession of these premises under one Molly Ragland. By mesne conveyance plaintiffs acquired Molly Ragland's interest in the premises and defendant therefore became the tenant of plaintiffs, and the contention of the appellant with reference to the illegality of transferring title of appellants lands in the Chickasaw nation by a person other than a Chickasaw or a Choctaw Indian cannot be heard in this case.

We have examined the fifth assignment of error complaining of the instruction of the court, and have examined the

action of the court in refusing to give the special instruction asked by the defendant. From the evidence in this case it seems that upon the passage of the Curtis Bill, acting upon what purported to be opinions of the United States Attorney of the Southern District in reference to the holdings of property, the appellees, or their grantors, tore down their fences on part of the premises in controversy, and it being afterwards ascertained that these purported opinions were erroneous and misconceptions as to the Curtis Bill, appellees resumed, or attempted to resume, possession and control of such premises. It is contended by appellant that this action on the part of appellees and their grantors constituted an abandonment of the premises, but the trial court very properly, as we think, took the contrary view, The possession of appellant was the possession of appellee, his landlord, and if appellant held possession of these premises, whether the fences were torn down or not, having been placed thereon by appellee and his grantors, and the evidence clearly shows this to be the fact, the instruction of the court, in its effect, states the law and was not prejudicial in any sense to the appellant.

Appellant does not urge the seventh and eighth assignments of error in his brief.

We have examined the ninth assignment of error, which reads as follows:

"Because the law and the evidence are insufficient to warrant the verdict of the jury."

We think that both the law and the evidence are sufficient to warrant a verdict of the jury finding the plaintiff entitled to the possession of these premises. The jury were entitled to say from the evidence whether or not written notice had been served

upon the defendant before the institution of the suit. Appellee swore positively that he served said notice by delivering the same to appellant in person. Appellant admitted that he received some paper, the contents of which he did not read, and the jury were warranted in finding that such notice was properly served from this state of evidence. But the law did not warrant the finding of damages against appellant under the conditions of the pleadings and record in this case and such parts of the judgment as permitted damages to go against appellant and his sureties were erroneous and the court below should either have granted a new trial on account of such error or have caused a remittitur to be entered of such damages.

The judgment of the court below is modified, and the judgment herein entered for appellee for possession of the premises and writ of restitution hereby ordered. Insomuch as appellant is entitled to modification of the judgment of the court below in this court, judgment is hereby given appellant and against appellees for their costs in this court.

RAYMOND, C. J., and CLAYTON, J., concur.